**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

  v.         Criminal No. 11-cr-043-01-JL

<u>James Spaulding</u>

### ORDER OF DETENTION PENDING TRIAL

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on March 24, 2011, for the purpose of determining whether to detain the defendant.  The court issued its detention order orally from the bench.  This written order summarizes the court's findings and rulings.

### Legal Standards

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2).  <u>United States v. Ploof</u>, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government invokes § 3142(f)(1)(c), asserting that a detention hearing is warranted because the defendant is charged with drug offenses that carry maximum sentences of ten or more years.

In this case, the defendant is charged by indictment with the crimes of one count of distribution of methodone, two counts of distribution of cocaine, one count of distribution of oxycodone, each in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The charges satisfy the parameters of § 3142(f)(1)(c), and, accordingly, the detention hearing was appropriately requested.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness"). 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community.  Patriarca, 948 F.2d at 793.  For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence.  See id. at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community.  As the government did not rely on the rebuttable presumption in arguing for detention in this case, the court did not consider it in making its decision.

### Findings And Rulings

In the instant case, the government conceded that defendant was not a flight risk but argued that his release posed an unacceptable risk of danger.

For the reasons stated below and on the record, and after considering the proffers of counsel and the factors set forth in 18 U.S.C. § 3142(g), the court finds that the government has satisfied

its burden of showing by clear and convincing evidence that defendant's release, even on strict conditions, presents too high a risk of danger to the community.  Specifically, with respect to dangerousness, the court weighed the following:

<u>The nature and circumstances of the crime charged.</u>  Defendant is charged with multiple counts of drug sales and a count of possession of a firearm while a convicted felon.  These are serious and dangerous crimes.

<u>The weight of the evidence.</u> The weight of the evidence against defendant is strong.  The felon in possession charge alleges that defendant, shortly after his release from incarceration on state charges, arranged to sell a shotgun to an individual (who turned out to be an undercover officer).  At least three of the drug charges involve sales to undercover officers.

<u>Defendant's criminal record.</u>  The defendant has an extensive criminal record, and it includes at least one crime of violence, a Second Degree Assault, for which he received a state prison sentence in 2001.  The remainder of defendant's record includes numerous misdemeanors and driving-related offenses, including a DWI and Endangering the Welfare of a Child.  His driving-related charges culminated into a felony-level conviction for Habitual Offender in 2001.  In 2005, defendant was convicted of possessing marijuana, and

in 2006, he was convicted of possessing heroin.  His most recent charges indicate that he has taken his history of drug possession to a new level, and is now engaged in the distribution of controlled substances.

<u>Drug use</u>.  Defendant admits that he has a long-term history of substance abuse.  Defendant's lengthy criminal record coupled with his history of substance abuse represent high risk factors for dangerousness.

On the basis of the foregoing, the court finds that there are no conditions or combination of conditions that will reasonably assure the safety of the community.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States

Marshal for the purpose of appearing in connection with court proceedings.

    **SO ORDERED.**

                                      _____
                                      Landya B. McCafferty
                                      United States Magistrate Judge

Date: March 25, 2011

cc: Richard Monteith, Esq.
     Debra M. Walsh, Esq.
     U.S. Marshal
     U.S. Probation